IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND FLORES,

        Plaintiff,                    No. CIV S-10-2832 DAD P

    vs.

M. CATE, et al.,

        Defendants.          <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $30.00 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5  full.  See 28 U.S.C. § 1915(b)(2).
6           The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
11 U.S.C. § 1915A(b)(1) & (2).
12           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.
19           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
23 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
24 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
25 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
26 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff alleges as follows.  Plaintiff had a lower bunk chrono and that he had undergone numerous operations because of his hernia condition.  On August 11, 2009, he was placed in administrative segregation while he was awaiting a sensitive needs yard chrono.  He was placed in a cell with a cellmate who also had a lower bunk chrono and so plaintiff had to use the upper bunk.  Climbing up and down from the top bunk caused plaintiff's hernia to tear open three days later.  The doctor who performed the surgery to close and repair the hernia told plaintiff that he was lucky and could have died.  Plaintiff claims the prison medical staff violated his Eighth Amendment rights in this regard.  Plaintiff names as defendants: (1) M. Cate, the Director of the Department of Corrections and Rehabilitation, (2) the warden of Deuel Vocational Institute (DVI) where his injury occurred, and (3) the Chief Medical Officer at DVI.

The court finds that in his complaint plaintiff has failed to set forth sufficient factual allegations concerning the involvement of the three named defendants in connection with the alleged Eighth Amendment violation.  Plaintiff must allege with at least some degree of particularity overt acts which each named defendant engaged in that support his claims.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of and care provided resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the

1  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
2  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory
3  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
4  Regents, 673 F.2d 266, 268 (9th Cir. 1982).
5        Moreover, supervisory personnel are generally not liable under § 1983 for the
6  actions of their employees under a theory of respondeat superior and, therefore, when a named
7  defendant holds a supervisorial position, the causal link between him and the claimed
8  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
9  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
10 allegations concerning the involvement of official personnel in civil rights violations are not
11 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
12        Plaintiff is informed that the court cannot refer to a prior pleading in order to
13 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
14 complaint be complete in itself without reference to any prior pleading.  This is because, as a
15 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
16 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
17 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
18 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
19        Accordingly, IT IS HEREBY ORDERED that:
20        1.  Plaintiff's October 20, 2010 application to proceed in forma pauperis (Doc.
21 No. 2) is granted.
22        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23 Plaintiff is assessed an initial partial filing fee of $30.00.  All fees shall be collected and paid in
24 accordance with this court's order to the Director of the California Department of Corrections
25 and Rehabilitation filed concurrently herewith.
26        3.  Plaintiff's complaint is dismissed.

1         4.  Plaintiff is granted thirty days from the date of service of this order to file an
2   amended complaint that complies with the requirements of the Civil Rights Act, the Federal
3   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
4   docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must
5   use the form complaint provided by the Clerk of the Court and answer each question in the form
6   complaint; failure to file an amended complaint in accordance with this order will result in a
7   recommendation that this action be dismissed without prejudice.
8         5.  The Clerk of the Court is directed to provide plaintiff with the court's form
9   complaint for a § 1983 action.

DATED: April 27, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
flor2832.14